IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCINDA BEADLE, Personal Representative of the Estate of Daniel A. Elrod, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF OMAHA, a political subdivision of the State of Nebraska; TODD SCHMADERER, only in his official capacity as City of Omaha Chief of Police; ALVIN LUGOD, Former Officer, only in his official position as an Omaha Police Officer and Agent of the City of Omaha; and DOES 1 THROUGH 25, inclusive;<br><br>Defendants. | 8:18CV82<br><br>**ORDER** |

This matter is before the court on Defendant's Motion to Exclude Plaintiff's Expert Witnesses (Filing No. 46). For the reasons stated below, the motion will be granted.

FACTUAL BACKGROUND[1]

This is an action brought pursuant to 42 U.S.C. § 1983 for an alleged depravation and violation of civil rights, as guaranteed by the United States Constitution.

---

[1] "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR. 7.1(b)(1)(C). Accordingly, in the wake of Plaintiff's failure to file an opposition brief, the court adopts Defendant's statements of the facts.

On November 29, 2018, the court entered a progression order ([Filing No. 39](#)) which set forth deadlines for discovery and trial progression. As relevant to the instant matter, the deadline for Plaintiff Lucinda Beadle, Personal Representative of the Estate of Daniel A. Elrod ("Beadle"), to identify expert witnesses expected to testify at trial was set for March 1, 2019, with complete expert disclosures due by April 1, 2019.

On March 1, 2019, Plaintiff identified Dr. Michael Lyman as an expert witness. ([Filing No. 43](#)). Defendant City of Omaha subsequently served discovery requests on Plaintiff on March 27, 2019, seeking requests for production of documents related to Plaintiff's identification of Dr. Lyman as an expert witness. ([Filing No. 45](#)). Plaintiff did not respond to this request by the responsive deadline of April 26, 2019, or otherwise seek an extension of the deadline. Plaintiff also failed to serve expert witness disclosures on or before April 1, 2019 deadline set forth in this court's progression order ([Filing No. 39](#)), and pursuant to Fed. R. Civ. P. (26)(a)(2)(B)–(C).

Subsequently, on April 30, 2019, Defendant's counsel sent an email to Brian Jorde, counsel for Plaintiff, to inquire about the status of the expert witness disclosures and requests for production. ([Filing No. 48-3](#)). A week later, Mr. Jorde responded with a request to "briefly discuss" the matter by phone. ([Filing No. 48-1](#)). The next day the two attorneys spoke, at which point Mr. Jorde informed Plaintiff's counsel that no expert witness disclosures would be forthcoming. (Id.)

On June 28, 2019, the deadline to file motions to exclude expert opinion testimony, "out of an abundance of caution" Defendant filed the motion that is the subject of the instant matter. ([Filing No. 47, at CM/ECF p. 5](#)). Defendant moves

that "Plaintiff must be barred from offering any expert witness opinion testimony on a motion, at a hearing, or at trial, pursuant to Fed. R. Civ. P. 37(c)(1)." (Id.) Plaintiff has filed no response in opposition to Defendant's motion, but advised the court on July 16, 2019 that he does not intend to oppose the motion. However, a discussion ensued on how to handle any expert opinions provided on cross-examination of Defendant's employees.

ANALYSIS

The Federal Rules require parties to provide expert witness disclosures for each expert witness retained or specially employed. Such reports are required to contain

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the facts or data considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

In addition, for expert witnesses not required to file a written report, Fed. R. Civ. P. 26(a)(2)(C) requires the disclosure of "(i) the subject matter on which the witness is expected to present evidence under Federal Rules of evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Plaintiff has failed to adhere the court-ordered deadline for complete expert disclosures for retained and non-retained experts (April 1, 2019). (See, Filing No. 39). Although Plaintiff identified Dr. Lyman as an expert witness by March 1, 2019, as required, she failed to provide any expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2)(B). Plaintiff has further failed to disclose by deadline any written reports on the subject matter, facts, or opinions of several individual she identified as potential expert witnesses in her initial disclosures.[2] (Filing No. 42, at CM/ECF p. 4). In addition, Plaintiff has provided no response to Defendant City of Omaha's requests for document productions, which seek the reports or other correspondence authored by Dr. Lyman, those documents sent to Dr. Lyman, and Dr. Lyman's curriculum vitae.

Plaintiff does not argue his failure to comply with Rule 26(a)(2) was in any way "substantially justified" or "harmless", nor does the court find Plaintiff's omission to be so. Fed. R. Civ. P. 37(c)(1) Defendants, having already filed their motion for summary judgment, would clearly be unduly prejudiced by the court's allowance of Plaintiff's expert testimony at this late juncture.[3] Moreover, "[t]he

---

[2] These include Dr. Erin Linde, MD, pathologist performing autopsy; an AIT Laboratories representative; a Physicians Laboratory representative; Dr. Aaron N. Barksdale, MD; Dr. Matthew R. Goede, MD; and, "any medical professional referenced in the documents identified by the City Defendants in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(ii)."

[3] Permitting such evidence would inevitably require a continuance of trial so Defendants could conduct depositions and arrange, as necessary, for rebuttal experts.

expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless." Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 704 (2018).

"If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This rule is applicable to not only witnesses called by a party on direct examination, but also soliciting expert opinions from the opposing party's employees on cross-examination.

Accordingly,

IT IS ORDERED:

1) Defendants' Motion to Exclude Plaintiff's Expert Witnesses (Filing No. 46) is granted, and Plaintiff is barred from soliciting (by direct or cross-examination) any expert witness opinion testimony or information as evidence in support of any motion, at a hearing, or at trial.

2) The motion to compel deadline is extended to August 1, 2019.

Dated this 18th day of July, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge